**United States Court of Appeals**
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

FILED
FEB 21 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

February 21, 2025

Mr. Philip Devlin
Western District of Texas, Del Rio
United States District Court
111 E. Broadway Street
Room L100
Del Rio, TX 78840-0000

No. 24-50286   USA v. Flores
             USDC No. 2:23-CR-368-1

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: Renee McDonough
Renee S. McDonough, Deputy Clerk
504-310-7673

cc:
   Ms. Margaret Mary Embry
   Mr. Jose Geovani Flores
   Mr. Joseph H. Gay Jr.
   Mr. Shane John Stolarczyk



# United States Court of Appeals
# for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Feb 21, 2025

Attest:

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 24-50286
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 30, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

versus

Jose Geovani Flores,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-368-1

Before Wiener, Ho, and Ramirez, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that this special condition is VACATED, and the cause is REMANDED to the District Court for resentencing consistent with the opinion of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying

No. 24-50286

a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 30, 2025
Lyle W. Cayce
Clerk

No. 24-50286
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

versus

JOSE GEOVANI FLORES,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-368-1

---

Before WIENER, HO, and RAMIREZ, *Circuit Judges.*

PER CURIAM:[*]

Jose Geovani Flores pleaded guilty to a single count of illegal reentry after removal; he was sentenced to 46 months of imprisonment and three years of supervised release. Relevant to the instant appeal, the district court imposed a special condition of supervised release stating, in relevant part, that Flores "shall undergo a psychosexual evaluation with the understanding

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Case 2:23-cr-00368-DC   Document 40   Filed 02/21/25   Page 5 of 5
Case: 24-50286   Document: 53-1   Page: 2   Date Filed: 02/21/2025

No. 24-50286

that if further sex offender-specific treatment is recommended, he/she will participate in a sex offender treatment program . . . until successfully discharged." Flores argues that this condition impermissibly delegated the district court's authority to decide whether he must undergo such treatment. In the alternative, he argues that the condition is ambiguous. Because we conclude that imposition of the condition was plain error, we pretermit the question of ambiguity.

Flores did not object to this condition in the district court, so we review his argument for plain error. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022). As we did in a prior case involving this exact condition, we conclude that imposition of the condition was an error that was clear or obvious. *See United States v. Vega-Santos*, 122 F.4th 571, 574-76 (5th Cir. 2024). We also conclude that this error affected Flores's substantial rights because "it eliminated any opportunity for the district court to reject the recommended treatment." *Id.* at 575. Finally, we choose to correct the error in this case because "[p]reserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant." *Id.* (internal quotation marks and citation omitted).

Therefore, we VACATE this special condition and REMAND for resentencing consistent with this opinion.